IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM JAMES BUNNELL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 07-cv-0686-MJR-DGW |
| UNION PACIFIC RAILROAD COMPANY, MINNESOTA MINING & MFG. CO., METROPOLITAN LIFE INS. CO., AQUA-CHEM, INC., CSR, LTD., INGERSOLL-RAND COMPANY, ELLIOTT TURBOCHARGE GROUP, INC., and ELLIOTT TURBOMACHINERY CO., INC., | ) |
| Defendants. | ) |

ORDER REQUIRING JURISDICTIONAL MEMORANDA

REAGAN, District Judge:

William Bunnell filed suit in the Circuit Court of Madison County, Illinois against Union Pacific Railroad "as successor to Chicago & Northwestern System ('CNS')," alleging personal injuries (including mesothelioma) from asbestos exposure while working for CNS for one year between 1948 and 1949. Bunnell's suit was filed under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* ("FELA"). Union Pacific answered Bunnell's first amended complaint in state court on August 10, 2007. Bunnell then filed a second amended complaint in state court.[1]

---

[1] Although copies of the first and second amended complaint were provided with the removal notice, neither bears the file-stamp mark from Madison County indicating the state court filing dates.

On October 2, 2007, Union Pacific ("UP") filed a removal notice in this United States District Court, invoking subject matter jurisdiction under the federal diversity statute (28 U.S.C. § 1332). This Court now undertakes threshold jurisdictional review. *See McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005)(Ensuring the existence of subject matter jurisdiction is the court's "first duty in every lawsuit.").

As to *non*-class actions, 28 U.S.C. 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000, if the action is between citizens of different states. The party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

In a removed case, the amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit was removed. *Oshana,* 472 F.3d at 510-11, *citing BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002). Once the defendant establishes the required amount in controversy, "the plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Oshana*, 472 F.3d at 511, *citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1939), and *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006).

Under those standards, the amount in controversy passes muster on threshold review. Bunnell's second amended complaint pleads serious permanent injury,

including mesothelioma and asbestosis (Second Amended Complaint, Doc. 2-2, pp. 2, 13 and 18).  He seeks damages (compensatory and punitive) based on disability and disfigurement (Doc. 2-2, p. 10), "large sums of monies for hospital, medical and other health care services necessary" (*id.*, p. 7), great physical pain and mental anguish (*id.*, p. 8), "large sums of money" from lost income/wages (*id.*, p. 8*),* and "losses to his personal property and possessions" (*id.*, p. 13).  So the amount in controversy supports removal, but two questions prevent the undersigned Judge from confirming that subject matter jurisdiction lies and removal was proper.

First, the removal notice discloses that Plaintiff Bunnell is an Arizona citizen, and Defendant UP is a citizen of both Delaware and Nebraska.  As to each of the other seven named Defendants, however, the removal notices alleges their citizenship based "upon information and belief" (Doc. 2, p. 2).  Such allegations generally do not suffice to establish the elements of diversity jurisdiction.  *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073-74 (7th Cir. 1992).  The Court will permit defense counsel to more properly plead the citizenship of each party, as described below in this Order.

Second, Bunnell's state court complaint (the second amended complaint, Doc. 2-2) purports to be a FELA claim.  Indeed, the first page of that complaint alleges (*id.*, p. 1):

> This action arises under [FELA]....  This case is non removable pursuant to 28 U.S.C. § 1445(a) which

> protects the Plaintiff's right to bring this action in state court and prevents removal to federal district court by and [sic] Defendant" (Doc. 2-2, p. 1).

28 U.S.C. § 1445(a) provides that a civil action in any state court against a railroad arising under FELA may not be removed to any federal court. *See Monroe v. Missouri Pacific R. Co.*, 115 F.3d 514, 520 (7th Cir. 1997). UP's removal notice points out, however, that Bunnell does not actually state any FELA claim, and the only cause of action against UP is a strict liability claim premised on UP's failure to warn Bunnell of the hazards of working with and near asbestos products. Furthermore, the removal notice maintains that Bunnell "never worked for Union Pacific or another railroad" and could not possibly have worked as a subcontractor for CNS during the time period alleged (Doc. 2-1, p. 3). The first assertion is supported by interrogatory answers filed by Bunnell in state court (attached as Exhibit C to the removal notice herein).

If a lawsuit actually rests upon another basis or arises under a statute other than FELA, it is removable even though the plaintiff describes it as a FELA action. *See, e.g., Hammond v. Terminal R.R. Ass'n of St. Louis*, 848 F.2d 95, 97-98 (7th Cir. 1988)(a "frivolous invocation of the FELA" does not "bar removal").

Because these issues must be resolved for the undersigned Judge to

verify that subject matter jurisdiction lies, the Court **DIRECTS** UP's counsel to file a Jurisdictional Memoranda (no longer than four pages) properly identifying the citizenship of each named Defendant and **DIRECTS** Plaintiff Bunnell's counsel to file a Jurisdictional Memoranda (no longer than ten pages) responding to the portion of the removal notice addressing whether this is truly a FELA action and thus nonremovable.  Both Jurisdictional Memoranda must be filed on or before <u>October 24, 2007</u>.

The Court will review the memoranda, determine whether or not jurisdiction lies and removal was proper, and – if jurisdiction does lie – track this case (thereby assigning it a firm trial date).

IT IS SO ORDERED.

DATED this 9th day of October 2007.

<u>s/ Michael J. Reagan</u>
Michael J. Reagan
United States District Judge
