IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM JAMES BUNNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-cv-0686-MJR-DGW |
| | ) | |
| UNION PACIFIC RAILROAD CO., | ) | |
| MINNESOTA MINING & MFG. CO., | ) | |
| METROPOLITAN LIFE INS. CO., | ) | |
| AQUA-CHEM, INC., | ) | |
| CSR, LTD., | ) | |
| INGERSOLL-RAND COMPANY, | ) | |
| ELLIOTT TURBOCHARGE GROUP, INC., & | ) | |
| ELLIOTT TURBOMACHINERY CO., INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

REAGAN, District Judge:

In September 2007, William Bunnell filed a second amended complaint[1] in Illinois state court naming eight Defendants, one of which was Union Pacific Railroad – sued as successor to Chicago & Northwestern Railway Company ("CNW"). Bunnell alleged that he sustained personal injuries (including mesothelioma) from asbestos exposure while working for CNW for one year between 1948 and 1949. Bunnell's suit was filed under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* ("FELA"). Union Pacific removed the case on October 2, 2007, invoking subject matter jurisdiction under 28 U.S.C. § 1332.

---

[1] It remains unclear when (and whether) a *first* amended complaint was filed in state court. *See* Doc. 8, n.1; and Doc. 1, Exh. J.

On threshold review, the undersigned Judge noted that Union Pacific bore the burden of demonstrating that all jurisdictional requirements have been satisfied, *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006), *cert. denied*, 127 S. Ct. 2952 (2007). After concluding that the amount in controversy sufficed under § 1332 and *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006), the undersigned Judge (a) raised a concern as to Union Pacific's allegations of citizenship based "upon information and belief," and (b) questioned whether this case fell within the scope of FELA's removal bar, found in 28 U.S.C. § 1445(a).

As to the latter point, the second amended complaint (Doc. 2-2) plainly pleads a FELA claim, but Union Pacific argues that Bunnell never worked for Union Pacific or any other railroad and did not work as a subcontractor for CNW during the period alleged (*see* Doc. 2-1, p. 3).

The Court directed Union Pacific ("UP") to clarify the citizenship issue and directed Bunnell to respond to UP's argument that the operative complaint stated no real FELA claim. On October 24, 2007, UP provided a detailed jurisdictional memorandum (supported with corporate records) quelling any concern regarding diversity of citizenship (Doc. 8). But Bunnell moved to remand the case, noting several alleged defects in UP's removal procedure and insisting that the action is nonremovable under 28 U.S.C. § 1445(a)(Doc. 6).

The issues are fully briefed.[2] Having carefully reviewed the pleadings and supporting documents, the Court now rules on the remand motion and removal issues.

28 U.S.C. § 1445(a) provides that a civil action pending in any state court against a railroad arising under FELA may <u>not</u> be removed to any federal district court. *See Monroe v. Missouri Pacific R. Co.*, **115 F.3d 514, 520 (7th Cir.),** *cert. denied*, **522 U.S. 967 (1997).** The first paragraph of Bunnell's second amended complaint (filed in Madison County, Illinois) alleges that the action arises under FELA. The sixth paragraph of that complaint alleges that Bunnell worked as a subcontractor for CNW at the Superior, Wisconsin jobsite and that CNW (or its successor, UP) retained the right to control the work performed at that jobsite during 1948-1949.[3]

A "claim does not arise under the FELA merely because the plaintiff names that statute in his complaint and omits (accidentally or by design) the claim's true source." *Hammond v. Terminal R.R. Ass'n of St. Louis*, **848 F.2d 95, 97 (7th Cir. 1988),** *cert. denied*, **489 U.S. 1032 (1989).** So, although § 1445(a)'s removal bar constitutes a "stark imperative" as to any claim that truly arises under FELA, neither crafty wording of a complaint nor frivolous invocation of FELA bars removal. *Id.*, **848 F.2d at 98.**

FELA creates a tort remedy for railroad workers injured on the job.

---

[2] UP timely-filed its memorandum opposing remand on November 20, 2007; Plaintiff Bunnell filed no reply brief by the November 27, 2007 deadline.

[3] Bunnell claims that he serviced asbestos-containing brakes on boxcars at that site and handled asbestos rope and similar products during that time period.

*Lancaster v. Norfolk and Western Ry. Co.*, 773 F.2d 807, 812 (7th Cir. 1985), *cert. denied*, 480 U.S. 945 (1987). Under FELA's relaxed standard of proof, the railroad is liable if "employer negligence played any part, *even the slightest*, in producing the injury or death for which damages are sought." *Coffey v. Northeast Illinois Regional Commuter R. Corp.*, 479 F.3d 472, 476 (7th Cir. 2007). The fact that "there may have been a number of causes of the injury is ... irrelevant as long as one cause" is the railroad's negligence." *Id*.

Congress expressly provided state courts with concurrent jurisdiction over FELA actions. **45 U.S.C. § 56;** *LaDuke v. Burlington Northern R. Co.*, **879 F.2d 1556, 1561 (7th Cir. 1989).** Moreover, defendants cannot defeat a FELA plaintiff's choice of state forum by removing the action to federal court. *Id.*, *citing* **28 U.S.C. § 1445(a)**. In the case at bar, the question is whether Plaintiff Bunnell's claim arises under FELA.

UP contends that the operative complaint states no FELA claim against UP but merely a strict liability claim based on failure to warn Bunnell of the hazards of working with or near asbestos products. Typically, to state a claim arising under FELA, a plaintiff must allege "one of the traditional 'physical' torts, such as assault, battery, and negligent infliction of personal injury." *Lancaster*, **773 F.2d at 815.** Here, the complaint does allege negligence by a railroad (UP or its predecessor, CNW) resulting in personal injury to Plaintiff Bunnell. This states a FELA claim.

Asking the Court to inquire further, UP maintains that (1) Bunnell "never worked for Union Pacific or another railroad," and (2) he could not have worked as a

subcontractor for CNW during the time period alleged, i.e., 1948-1949 (Doc. 2-1, p. 3).

The first point is true, although not dispositive of whether Bunnell's claim arises under FELA. UP has supplied interrogatory answers filed by Bunnell in state court (attached as Exhibit C to the removal notice herein). In response to an interrogatory asking for "the work locations at which Plaintiff worked, including the county of each employer," Bunnell originally responded "Chicago - Northwestern." He amended his responses to clarify that during the period "1948-1949" he was employed not by UP or its predecessor CNW but rather by "Shipley," a subcontractor, cleaning box cars and working on switches at a CNW facility/railyard (*see* Doc. 2-4, Exh. C, pp. 1-2). With his remand motion, Bunnell provided an affidavit fleshing out that supplemental response.

The affidavit indicates that Bunnell was employed by Shipley, a subcontractor of CNW, that CNW supervised and controlled key aspects of his job (such as his work hours/schedule, the equipment he used, and the specific job duties he had), and that CNW retained the right to fire Bunnell (*see* Doc. 6, Exh. B). These facts are important, because an injured worker not directly employed by a rail carrier still may be covered under FELA, if the rail carrier exercised substantial control over the worker's employment.

In ***Williams v. Shell Oil Co.*, 18 F.3d 396, 400 (7th Cir. 1994),** the Seventh Circuit listed several ways a worker can be "employed" by a carrier for FELA purposes:

> First, the employee could be serving as the borrowed servant of the railroad at the time of his injury.... Second, he could be deemed to be acting for two masters simultaneously....

>Finally, he could be a subservant of a company that was in turn a servant of the railroad.

*Id.* at 400, *citing Kelley v. Southern Pacific Co.*, 419 U.S. 318, 324 (1974). *Accord Warrington v. Elgin, Joliet & Eastern Ry. Co.*, 901 F.2d 88, 90 (7th Cir. 1990).

Thus, a plaintiff nominally employed by a non-FELA entity may recover from railroad companies under three circumstances: (1) if he was a borrowed servant of the railroad, (2) if he had dual employers simultaneously (one of which was a railroad), or (3) if his employer was a servant of the railroad, so the plaintiff was a "subservant" of the railroad. **Larson v. CSX Transp., Inc.**, 835 N.E.2d 138, 142 (Ill. App. 2005).

Critical to the analysis of both the borrowed servant and the dual servant theory is the issue of control. **Kelley, 419 U.S. at 325-26.** The control needed to establish a plaintiff's status as a railroad defendant's servant is the railroad's significant supervisory role over the means and manner of the plaintiff's job performance. **Larson, 835 N.E.2d at 142. Accord Binz v. Brandt Const. Co., Inc.**, 301 F.3d 529, 533 (7th Cir. 2002).[4]

In the case *sub judice*, the Court rejects UP's arguments that Plaintiff Bunnell could not possibly have worked as a contractor for CNW and that Bunnell improperly included the FELA allegations purely "to prevent the Defendants from removing this matter" (Doc. 14, p. 3).

---

[4] In addition to control, other elements key to determining the existence of a master-servant relationship include whose work is being performed, who had the right to discharge the employee, and who furnished the tools and the place for the work. **Larson, 835 N.E.2d at 143.**

The undersigned Judge has reviewed the Piersen affidavit tendered by defense counsel (Doc. 2-5) but is cognizant that recollection of half a century of dates and places may be less than precise (*i.e.*, perhaps Bunnell's work at the CNW facility was not exactly during the 1948-1949 window he identified in the state court interrogatory answers, etc.). That does not mean that Bunnell has fabricated a FELA claim to thwart removal to federal court.

Bunnell's amended state court complaint states a FELA claim. His affidavit supports the complaint's allegations that, while employed by subcontractor Shipley (around 1948/1949), Bunnell worked at a CNW railyard cleaning box cars. The parties have conducted discovery (propounding and answering discovery and supplemental discovery in state court prior to removal). This is not a case in which the parties need to commence discovery in federal court and develop a record on which the jurisdictional determination can be made.

The ample record before the Court supports the conclusion that Plaintiff has <u>not</u> frivolously invoked FELA. **See, Hammond, 848 F.2d at 97-98.** Because Plaintiff has a cognizable FELA claim, 28 U.S.C. § 1445 bars removal to this United States District Court.

Therefore, the Court **GRANTS** Bunnell's October 24, 2007 motion (Doc. 6) and **REMANDS** this case to the Circuit Court of Madison County, Illinois.[5]

IT IS SO ORDERED.

DATED this 19th day of December 2007.

        s/Michael J. Reagan
        MICHAEL J. REAGAN
        United States District Court

---

[5] Plaintiff's other ground for remand – that the failure of all named Defendants to consent to removal rendered "the removal pleadings inadequate" (Doc. 6, p. 1) – lacks merit. Only *served* and properly joined Defendants need consent to removal. *See, e.g., **Midlock v. Apple Vacations West, Inc.**, 406 F.3d 453, 455 (7th Cir. 2005); **Boyd v. Phoenix Funding Corp.**, 366 F.3d 524, 529-30 (7th Cir. 2004).*